UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

THOMAS DUEMMEL,

                                Plaintiff,

      v.                                                  9:08-CV-1006
                                                                        (TJM)

BRIAN FISCHER; NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES; DAVID A. PATERSON;
ROBERT DENNISON; SUSAN O'CONNELL,

                                Defendants.

APPEARANCES:                              OF COUNSEL:

THOMAS DUEMMEL
91-B-2570
Oneida Correctional Facility
P.O. Box 4580
Rome, NY 13442
Plaintiff, *pro se*

THOMAS J. MCAVOY
Senior United States District Judge

**DECISION AND ORDER**

**I.    Background**

       Currently before the Court for review is plaintiff Thomas Duemmel's amended complaint. Dkt. No. 7. Plaintiff submitted the amended complaint in compliance with the Decision and Order of this Court filed on October 23, 2008. Dkt. No. 5 ("October Order"). The October Order granted plaintiff's *in forma pauperis* application. *Id*.

**II.    Discussion**

       Section 1915(e)(2)(B) of Title 28 of the United States Code, which governs proceedings *in forma pauperis*, directs, in pertinent part, that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). It is the court's responsibility to determine whether a plaintiff

may properly maintain his complaint in this District before the court may permit a plaintiff to proceed with an action *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2).

Moreover, under 28 U.S.C. § 1915A, the Court must review any complaint in a civil action in which a prisoner seeks redress from officers or employees of a governmental agency and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir.1999) (per curiam). An action is frivolous as a matter of law when, *inter alia*, it is based on an "indisputably meritless legal theory" - that is, when it "lacks an arguable basis in law ... or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir.1998).

The gravamen of plaintiff's amended complaint is that he has been denied parole release in violation of his constitutional rights. Dkt. No. 7. Plaintiff also alleges that defendants denied him the right to participate in SOP in a timely manner.[1] *Id*. Plaintiff seeks his immediate release from custody and an "examination by the Court" of the denial of programming and parole. *Id.* For a more complete statement of plaintiff's claims, refer to the amended complaint.

**A.     Defendants**

Plaintiff has not named "New York State Department of Correctional Services," "David Paterson," or "Susan O'Connell" as defendants in his amended complaint. Accordingly, "New York State Department of Correctional Services," "David Paterson," or "Susan O'Connell" are dismissed as defendants in this action.

---

[1] Plaintiff appears to be referring to the Sex Offender Counseling & Treatment Program, which is a comprehensive program of counseling and treatment for sex offenders. *See* http://www.docs.state.ny.us/ProgramServices/guidance.html#soctp. Plaintiff did enroll in SOP and eventually completed the program on January 29, 2006. Dkt. No. 7 at 10-11.

### B.     No right to parole or programming

In order to proceed with his claim that he was denied parole in violation of his constitutional rights, it must appear that plaintiff enjoyed a protected liberty interest under New York State's statutory scheme for determining whether to grant or deny an application for parole. *See Barna v. Travis*, 239 F.3d 169, 170 (2d Cir. 2001) (per curiam).  It is well-settled, however, that "the New York parole scheme is not one that creates in any prisoner a legitimate expectancy of release," and that, as a result, prisoners in New York state are not entitled to the safeguards afforded by federal due process with respect to parole release determinations.  *Barna, supra*, 239 F.3d at 171;  *Boothe v. Hammock*, 605 F.2d 661, 663-64 (2d Cir. 1979).[2]  Rather, any alleged violations of procedural requirements "are matters for consideration by the state courts."  *Boothe*, 605 F.2d at 665.

It is also clear that inmates do not enjoy a constitutionally protected right to participate in particular programs or to parole release.  *Allen v. New York*, 9:05-CV-1613, 2006 U.S. Dist. LEXIS 72646, at *3 (N.D.N.Y. Oct. 5, 2006) (Mordue, C.J.) (citing *Lee v. Governor of New York*, 87 F.3d 55, 58-59 (2d Cir. 1996); *Grant v. Ahern*, 2005 U.S. Dist. LEXIS 43274, No. 03-CV-0539, 2005 WL 1936175 *5 (N.D.N.Y.) (Magnuson, V.J.)).[3]

---

[2]  The decision of the Supreme Court in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), allowing a § 1983 action by Ohio prisoners challenging the constitutionality of that state's parole process, is not applicable to this case. The *Wilkinson* Court "did not create or comment on any constitutional entitlements relating to parole." *Standley, supra*, 2007 WL 2406909 at *1 quoting *Yourdon v. Johnson*, 01-CV-812E, 2006 WL 2811710 at *2 (W.D.N.Y. Sept. 28, 2006).  The Court also notes that plaintiff does not claim that defendants acted "arbitrarily or capriciously." *See Standley v. Dennison*, No. 9:05-CV-1033, 2007 WL 2406909 *1 (N.D.N.Y. Aug. 21, 2007); *Bottom v. Pataki*, No. 9:03-CV-0835, 2006 WL 2265408 at * 6 (N.D.N.Y. Aug. 7, 2006).

[3]  In *Allen*, as in this case, plaintiff alleged that DOCS had a practice of withholding an inmate's participation in the Sexual Offender Counseling Program until an inmate was within one year of his conditional release date; as a result of this practice, the inmate may not have completed this program prior to his or her initial appearance before the parole board, resulting in denial of parole release.  *See Allen*, 2006 U.S. Dist. LEXIS 72646, at *2-3.  The *Allen* court found that these allegations did not state a claim upon which relief may be granted. *Id*.

### C. Release from custody

To the extent that plaintiff seeks his immediate release from custody, he is advised that such relief may only be obtained by way of a habeas corpus petition brought pursuant to 28 U.S.C. § 2254. *See id.; Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("[c]ongress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity" of their underlying criminal conviction); *see also Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) ("habeas corpus -- not a § 1983 action -- provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment ....") (citing *Preiser*).

## III. Conclusion

Because plaintiff has failed to establish that he enjoyed a protected liberty interest in parole release or programming, the alleged deficiencies in the consideration of his parole application or the delay in providing programming do not state a claim upon which relief can be granted under 42 U.S.C. § 1983. Moreover, to the extent that plaintiff seeks his immediate release from custody, such relief may only be obtained by way of a habeas corpus petition brought pursuant to 28 U.S.C. § 2254. The amended complaint is therefore dismissed.

WHEREFORE, it is hereby

ORDERED, that "New York State Department of Correctional Services," "David Paterson," or "Susan O'Connell" are dismissed as defendants in this action; and it is further

ORDERED that this action is **dismissed** pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim upon which relief may be granted, and it is further

ORDERED, that the Clerk of the Court serve a copy of this Decision and Order on plaintiff.

Dated: January 23, 2009

/s/
Thomas J. McAvoy
Senior, U.S. District Judge